IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA,

    Petitioner

                                        **CRIMINAL NO. 2:00cr187**

    v.

WILLIAM LEE PATTERSON,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on William Lee Patterson's ("Defendant") Motion Requesting Judicial Recommendation Concerning Halfway House Placement ("Motion"). ECF No. 95. The United States ("Government") does not oppose Defendant's Motion. ECF No. 97. For the reasons stated herein, the Court **GRANTS** Defendant's Motion and issues a non-binding and advisory recommendation to the Bureau of Prisons ("BOP") that Defendant be placed in a Residential Re-entry Center ("RRC") or halfway house for the final twelve (12) months of his sentence.

## I.    PROCEDURAL AND FACTUAL BACKGROUND

On April 26, 2001, Defendant was sentenced to a term of imprisonment of three hundred sixty (360) months, followed by a term of supervised release of five (5) years, after a jury found him guilty of possession with intent to distribute cocaine base and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 843. ECF No. 32. On May 27, 2008, Defendant's sentence was reduced to three hundred twenty-four (324) months pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 77. On December 9, 2014, the Court again reduced Defendant's sentence to two hundred sixty-two (262) months. ECF No. 91. As such, Defendant's projected

release date is January 24, 2020.

On December 17, 2018, Defendant filed the instant Motion requesting that this Court recommend he spend the last twelve (12) months of his sentence at a RRC, otherwise known as a halfway house. ECF No. 95 at 1. In such Motion, Defendant requests the "Court to issue a judicial recommendation to the Bureau of Prisons ("BOP") that the Defendant receive twelve (12) months of Residential Re-entry Center ("RRC") or halfway house placement preceding the end of his sentence." Id. On December 27, 2018, the Government filed its Response to Defendant's Motion Requesting Judicial Recommendation ("Response"), ECF No. 97, indicating that the Government does not oppose Defendant's Motion.

## II.    DISCUSSION

In support of his Motion, Defendant represents that "[t]hroughout the term of his nearly eighteen-year incarceration, Defendant has maintained clear conduct, with no adverse disciplinary history, and has worked hard to rebuild relationships with his family." Id. at 3. Defendant proceeds to list the notable accomplishments he has made during incarceration. Id. at 3. Defendant further represents that "[a] twelve-month placement in an RRC would provide the Defendant with key resources and an appropriate amount of time to devote to securing housing and employment prior to his release, as well as to facilitate his reintegration into the community following a protracted period of incarceration." Id. at 4. In its Response, the Government also notes that "the defendant's record while incarcerated demonstrates his commitment towards his full rehabilitation and reintegration into society" and further suggests that Defendant "appears to be a good candidate for early RRC placement." ECF No. 97 at 2.

Defendant correctly asserts that "[u]nder 18 U.S.C. § 3621(b)(4), in designating the place of the prisoner's imprisonment, the BOP may consider, among other factors:

any statement by the court that imposed the sentence –

2

> (A)  concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
> (B)  recommending a type of penal or correctional facility as appropriate[.]"

ECF No. 95 at 5 (quoting 18 U.S.C. § 3621(b)(4)). Federal districts courts throughout the country have differed in their decisions as to "whether a district court can make imprisonment placement recommendations on a Defendant's *post-sentencing* motion." United States v. Ferguson, No. 6:16-cr-00707-JMC-8, 2018 U.S. Dist. LEXIS 179905, at *5-6 (D.S.C. Oct. 18, 2018) (emphasis in original). The federal district court in Ferguson set forth a thorough analysis of this split, concluding that the court may issue a non-binding, strictly advisory placement recommendation. Id. at *5-9. The court proceeded to issue a recommendation that the defendant be placed "in a RRC or halfway house for the final twelve (12) months of his sentence." Id. at *9.

> In joining the court in Ferguson, this Court
>
> agree[s] with what appears to be the majority position: while the court may not modify the original judgment or otherwise order the BOP to grant pre-release time in response to a defendant's post-sentencing motion, it may issue a non-binding recommendation. Because such recommendation is advisory only, it does not run afoul of the limitations on modifying sentences contained in 18 U.S.C. § 3582 and Fed. R. Crim. P. 35, and because 18 U.S.C. § 3621(b) directs the BOP to consider any statement by the court that imposed the sentence—not just statements made at the time of sentencing—the court may issue such a recommendation later.

Ferguson, 2018 U.S. Dist. LEXIS 179905, at *9 (internal quotations removed). As the Court did in Ferguson, this Court also emphasizes that "the BOP is in a superior position to make these types of placement decisions and cannot overstate that the court's authority in this regard extends only to a non-binding recommendation." 2018 U.S. Dist. LEXIS 179905, at *9 (citing 18 U.S.C. § 3621(b)).

In addition to finding that this Court has the authority to make the requested advisory

recommendation, for the reasons set forth in Defendant's Motion as well as the Government's Response, the Court finds that Defendant has made significant efforts to improve himself during incarceration and would benefit from placement in a RRC or halfway house during the final twelve (12) months of his sentence.

### III.    CONCLUSION

In light of the Court's authority to make the requested advisory and non-binding recommendation, the Defendant's incarceration record, the Government's lack of opposition to Defendant's Motion, and the substantial benefits provided by placement in a RRC or halfway house, Defendant's Motion Requesting Judicial Recommendation Concerning Halfway House Placement is **GRANTED**.

Therefore, the Court hereby **RECOMMENDS** to the Bureau of Prisons that the Defendant be placed in a Residential Re-entry Center ("RRC") or halfway house for the final twelve (12) months of his sentence.

The Clerk is **DIRECTED** to forward a copy of this Order to Defendant and to all Counsel of Record and to the Bureau of Prisons.

**IT IS SO ORDERED**.

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
January ___, 2019

4